IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBRA MASSEY,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )    No.  11 C 6740
                                       )
LOCAL 743, IBT,                        )
                                       )
                Defendant.             )

<u>MEMORANDUM OPINION AND ORDER</u>

Debra Massey ("Massey") has tendered a Complaint of

Employment Discrimination against Local 743 of the International

Brotherhood of Teamsters ("Union"), using the standard form

provided by the Clerk's Office for that purpose.  Massey has also

used two other Clerk's-Office-provided forms--an In Forma

Pauperis Application ("Application") and a Motion for Appointment

of Counsel ("Motion")--to complete her submission.  For the

reason stated here, the Application is denied.

Cases such as <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir.

2000) teach that in this Circuit a plaintiff must demonstrate not

only his or her financial inability to pay the filing fee but

also the existence of a colorable claim to become entitled to in

forma pauperis status.  It seems likely from the Application that

Massey would qualify for nonpayment of the $350 filing fee in

purely financial terms, but it is on the second of those two

requirements that she founders.  And because there are a set of

other problems with Massey's filing that might affect her

decision whether to pay the $350 fee and go forward, this opinion will spend some time on those other problematic considerations first.

To begin with, Massey has failed to complete the vast bulk of the form Complaint, so that it is totally unsatisfactory for pleading purposes. Although she has attached a good many pages of exhibits, the only page of the Complaint itself that she has filled out at all, other than the signature page (which contains no hand-writing except for her signature), is the first page (copy attached). That alone would justify striking the pleading as insufficient.

Next, it is unclear whether Massey filed her charge of discrimination with the Illinois Department of Human Rights within the 300-day limit prescribed by law. That document (one of the exhibits to the Complaint) recites that the alleged discrimination took place over a time period that ended on August 20, 2010. More precisely, Complaint ¶6 identifies the alleged discrimination as having taken place between August 11 and 20, 2010.

In all events, Massey did not file her Charge of Discrimination until June 15, 2011, 299 days after August 20, 2010. But other documents attached as exhibits appear to place the assertedly discriminatory conduct as having taken place on August 18 or 19, and if the former were the case that would

render the Charge of Discrimination untimely under the statute. Hence if Massey decides to pay the filing fee and go forward, she will have to be more specific about the time that the assertedly race-discriminatory conduct took place.

One other matter bears mention before this opinion turns to the basic reason for denying in forma pauperis treatment. Paragraph 2 of the Motion form expressly directs in boldface type that the movant <u>must</u> complete that paragraph, which reads "In support of my motion, I declare that I have contacted the following attorneys or organizations seeking representation." But Massey has left entirely blank the space for providing that information.

Caselaw from our Court of Appeals teaches regularly that no appointment of counsel may be made to even the most poverty-stricken plaintiff unless efforts to obtain counsel on his or her own have been made and reflected in the filed form. With Massey not having done so, the Motion is denied for now.

As stated earlier, however, all that has gone before is merely prelude. Where Massey really fails is in having filed her Complaint too late. Another Complaint exhibit (photocopy also attached) is EEOC's right-to-sue letter, which shows a June 20, 2011 mailing date. Even though that form expressly requires (again in boldface type) that a Title VII lawsuit must be filed

"<u>**WITHIN 90 DAYS**</u>"[1] of Massey's receipt of the notice, she did not submit her Complaint to the Clerk's Office until September 23--95 days after the right-to-sue letter was mailed.

Allowance of a three-day period between the date of mailing and date of receipt, as the caselaw typically provides, would clearly place Massey's submission out of time (for even one day's tardiness suffices for that purpose). But even if the mail delivery had taken a day or two longer than that, Massey would still not be out of the woods, for our Court of Appeals has specifically spoken to such a situation.

<u>Williams-Guice v. Bd. of Educ. of City of Chicago</u>, 45 F.3d 161 (7th Cir. 1995) has expressly dealt with the situation under which a plaintiff has tendered a complaint close to the expiration of a limitations period without paying the filing fee, but has also submitted an application to proceed in forma pauperis. In that situation <u>Williams-Guice</u>, <u>id</u>. at 164 approved the holding of the Sixth Circuit that "the lodging of a complaint by a person who is not entitled to proceed IFP suspends the period of limitations, which begins once again when the judge decides that payment is essential."

Although in this instance that would allow Massey no more than a day or two within which she could pay the $350 filing fee

---

[1] Indeed, the 90-day requirement is emphasized in triplicate in the manner indicated in the text--through boldface type, through capitalization and through underscoring.

and still come within the 90-day time limit, <u>Williams-Guice</u>, <u>id</u>.

at 165 recognized that such a rule could be viewed as excessively

Draconian and suggested this possibility:

> Another potential answer, however, is that the time
> remains in suspension for a reasonable time--perhaps a
> time defined by local rules--after the district court's
> order.

This District Court does have a specific local rule dealing with

the denial of in forma pauperis applications.  LR 3.3(e)

provides:

> Upon denial of an IFP petition, the clerk shall notify
> the person filing the documents of the amount of fees
> due.  If the required fees are not paid within 15 days
> of the date of such notification, or within such other
> time as may be fixed by the court, the clerk shall
> notify the judge before whom the matter is pending of
> the nonpayment.  The court may then apply such
> sanctions as it determines necessary including
> dismissal of the action.

There are thus two possibilities here.  First, if Massey's

tendering of this action did not take place until more than 90

days had elapsed after her receipt of EEOC's right-to-sue letter,

she would not have qualified to meet the second requirement for

in forma pauperis treatment, and this Court would be entitled to

dismiss both the Complaint and this action on grounds of

untimeliness.  If however Massey is able to establish that the

Complaint and the Application <u>were</u> tendered within the 90-day

period, the more generous suggestion in <u>Williams-Guice</u> will be

followed, and Massey will be allowed 15 days within which to pay

the $350 filing fee.[2]

Whichever of those two alternatives applies, this Court expects to take final action promptly after expiration of a 15-day period from the date of this opinion. But because some leeway should be given for the time of mail delivery of this opinion, this Court will treat the payment deadline date if the second alternative applies as October 14, 2011, so that if the fee is not paid by that date this Court will then dismiss both the Complaint and this action. For the present, however, only the Application and the Motion are denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 28, 2011

---

[2] In that respect, Massey would be expected to cure the other deficiencies identified here.