```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

DEBRA MASSEY,                  )
                               )
            Plaintiff,         )
                               )
     v.                        )    No. 11 C 6740
                               )
LOCAL 743, IBT,                )
                               )
            Defendant.         )

                      MEMORANDUM ORDER

Three weeks ago (on September 28) this Court issued a memorandum opinion and order ("Opinion") in which it (1) explained to pro se plaintiff Debra Massey ("Massey") why it had to deny her In Forma Pauperis Application ("Application") in conjunction with her proposed Complaint of Employment Discrimination against Local 743 of the International Brotherhood of Teamsters ("Union"), (2) carefully explained the alternative possibilities as to the timeliness of her proposed action (a question not answered by her initial filing) and (3) set October 14, 2011 as the deadline date for her payment of the filing fee if the action was indeed timely brought. Either heedless of or not understanding (or perhaps a bit of both) the message that was carefully spelled out in the Opinion, Massey simply assembled and presented for filing a fresh set of documents that (like her original filing) used Clerk's-Office-supplied forms: another Civil Cover Sheet, another Complaint of Employment Discrimination, another Appearance Form for Pro Se

Litigants, another Summons form, another Request to Waive Service of a Summons, another Application and another Motion for Appointment of Counsel ("Motion").[1]

All of those documents will be filed to complete the record. But what is abundantly clear is that (1) nothing that Massey has tendered addresses (let alone cures) the problem of untimeliness spelled out in the Opinion. That is more than strange, given the fact that the second Complaint is fleshed out in response to one part of the Opinion and the Motion is also fleshed out in response to another part of the Opinion--but not a word is said on the subject of timeliness raised in the Opinion. It must be concluded that Massey's initial filing was indeed out of time, and this action is dismissed.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: October 19, 2011

---

[1] Massey also tendered another form--a Complaint for Violation of Constitutional Rights--that is plainly inapplicable to a lawsuit against Union, which is not of course a "state actor" for purposes of 42 U.S.C. §1983 and related statutes.

[2] That renders the Motion moot, so it is denied on that basis.